UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ROBERT MICHAEL WALTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00334-SLC |
| | ) |
| **CITY OF AUBURN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On February 9, 2023, Plaintiff's counsel filed a Suggestion of Death and Motion to Dismiss, informing the Court that Plaintiff had passed away on January 28, 2023. (ECF 25, 26). Attached to the motion is Plaintiff's obituary. (ECF 26-1). Plaintiff's counsel moves to dismiss this case on the basis that Plaintiff's only claims in this action—false arrest under both 42 U.S.C. § 1983 and Indiana law—do not survive his death as a matter of law. (ECF 25, 26; *see* ECF 4 ¶¶ 5). Defendants did not file a response to the motion.

On March 13, 2023, the Court held a telephonic status conference with counsel for the parties. (ECF 28). Defendants' counsel indicated at the conference that he agreed that Plaintiff's claims do not survive death under the law, and accordingly, that Defendants do not object to the dismissal of this action. (*Id.*). Defendants' counsel made an oral motion to dismiss this case on the record, indicating that he would follow up with a written motion to dismiss. (*Id.*). Later that same day, Defendants filed a written motion to dismiss, reiterating in the motion that "dismissal is appropriate because Plaintiff's claim cannot survive his death under binding Seventh Circuit precedent." (ECF 29).

Federal Rule of Civil Procedure 41 governs dismissal of actions filed in federal court.

Rule 41(a)(1)(A)(ii) provides in relevant part, and subject to several exceptions, that a plaintiff may voluntarily dismiss an action without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." Alternatively, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

The relevant statute to Plaintiff's federal false arrest claim, 42 U.S.C. § 1983, "is silent on the issue of survival, so 42 U.S.C. § 1988 directs [the court] to look to the most closely analogous state law to determine survivability." *Bentz v. City of Kendallville*, 577 F.3d 776, 778 (7th Cir. 2009) (citations and quotation marks omitted). "When analyzing the survivability of § 1983 claims, [the court] therefore appl[ies] the state survival statute unless it is inconsistent with federal policy." *Id.* (citation omitted). Indiana's survival statute, Indiana Code § 34-9-3-1, provides that a cause of action for "false imprisonment" does not survive a plaintiff's death. *See Camm v. Clemons*, 544 F. Supp. 3d 847, 856 (S.D. Ind. 2021).

"Indiana courts have used the terms 'false arrest' and 'false imprisonment' interchangeably when a plaintiff's claim stems from detention by authorities without probable cause." *Id.* at 855 (citing *Bentz*, 577 F.3d at 780). Federal courts routinely conclude that a § 1983 false arrest claim is closely analogous to the Indiana tort claim of false imprisonment, which extinguishes upon death under Indiana's survival statute, and that applying this survival statute is not inconsistent with federal policy. *See, e.g.*, *Bentz*, 577 F.3d at 780; *Sims v. City of Elkhart*, No. 3:19-CV-1168 JD, 2022 WL 3348833, at *9-10 (N.D. Ind. Aug. 11, 2022); *Camm*, 544 F. Supp. 3d at 856; *Donald v. Outlaw*, No. 2:17-CV-32 JVB, 2018 WL 2463605, at *3 (N.D. Ind. May 31, 2018).

Accordingly, the Court concludes that it is "proper" under the circumstances presented to dismiss this case. Fed. R. Civ. P. 41(a)(2). Plaintiff died on January 28, 2023, and under applicable law, his claims of false arrest do not survive his death. *Bentz*, 577 F.3d at 780. Further, both counsel agree that this case should be dismissed, having filed motions seeking such action. (ECF 25, 26, 29). Therefore, Plaintiff's counsel's unopposed motion to dismiss (ECF 25, 26) and Defendants' motion to dismiss (ECF 29) are GRANTED, and Plaintiff's claims against Defendants are DISMISSED. Defendants' motion for summary judgment (ECF 21) is MOOT. The Clerk is DIRECTED to close this case.

SO ORDERED.

Entered this 15th day of March 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge